**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| MARY BOCHUM,<br><br>　　　　　　Plaintiff,<br><br>vs.<br><br>BOB PEDRINO and HELEN PEDRINO,<br><br>　　　　　　Defendant. | CASE NO. 08-CV-0629-H (JMA)<br><br>ORDER DISMISSING COMPLAINT WITHOUT PREJUDICE FOR FAILURE TO STATE A CLAIM |

On April 7, 2008, plaintiff Mary Bochum ("Plaintiff") submitted a civil complaint against Bob Pedrino and Helen Pedrino along with a motion to proceed in forma pauperis ("IFP"). (Doc. Nos. 1-2.) For the reasons discussed below, the Court dismisses the complaint for failure to state a claim, with leave to amend. The Court denies the motion to proceed in forma pauperis without prejudice.

**Discussion**

**I.    Sua Sponte Screening of IFP Complaint**

Under 28 U.S.C. § 1915(e)(2), the Court may dismiss an IFP complaint sua sponte if the complaint is frivolous, malicious, or fails to state a claim. Lopez v. Smith, 203 F.3d 1122, 1127 (9th Cir. 2000) (en banc) ("[S]ection 1915(e) not only permits, but requires a district court to dismiss an in forma pauperis complaint that fails to state a claim."). "[W]hen determining whether a complaint states a claim, a court must accept

as true all allegations of material fact and must construe those facts in the light most favorable to the plaintiff." Resnick v. Hayes, 213 F.3d 443, 447 (9th Cir. 2000) (discussing similar provision of 28 U.S.C. § 1915A); Barren v. Harrington, 152 F.3d 1193, 1194 (9th Cir. 1998) (noting that § 1915(e)(2) "parallels the language of Federal Rule of Civil Procedure 12(b)(6)"). Rule 12(b)(6) of the Federal Rules of Civil Procedure permits dismissal of a claim either where the claim lacks a cognizable legal theory, or where plaintiff has not alleged facts sufficient to support the claim. See Balistreri v. Pacifica Police Dept., 901 F.2d 696, 699 (9th Cir. 1990). A complaint must contain factual allegations sufficient "to raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, ___ U.S. ___, 127 S.Ct. 1955, 1965 (2007).

**A.   Plaintiff's Factual Allegations**

After a thorough review of the Complaint, drawing favorable inferences for Plaintiff and construing this pro se pleading liberally, the Court has been unable to gain a clear understanding of the facts giving rise to the dispute. It appears that Plaintiff complains of improper practices related to a mortgage or similar lending transaction, but the exact nature of the alleged problem is unclear. For example, Plaintiff refers to third party "Investors," though the identity of these parties and their exact relationship to the transaction is unclear. Also, Plaintiff indicates that Defendants breached an agreement with such an "Investor," but the nature of the breach is not clearly identified, nor is it clear whether Plaintiff was a party to this agreement. Similar ambiguities exist throughout the complaint.

These ambiguities prevent the Court from effectively evaluating the legal sufficiency of any claims presented. An attempt to do so would require speculation. Since the Complaint does not raise the right to relief "above the speculative level," the Court dismisses it for failure to state a claim. See Twombly, 127 S.Ct. at 1965.

/ / /

/ / /

/ / /

### B. Allegations of Criminal Wrongdoing

The Complaint frequently refers to criminal statutes or matters related to criminal proceedings, such as a grand jury. Plaintiff is a private party without the authority to initiate a criminal prosecution. Therefore, Plaintiff should refrain from making criminal allegations in any amended pleading.

### C. International Human Rights Provisions

Plaintiff has invoked various international human rights provisions, including the International Covenant on Civil and Political Rights, certain United Nations Resolutions, and the Vienna Conventions. The Court is unaware of any applicable private cause of action under these treaties, particularly given that this appears to be a private dispute related to real estate lending practices. Therefore, Plaintiff should either refrain from making allegations under these international agreements in any amended pleading, or point the Court to authority providing for a private right of action applicable to her case.

### D. Other Civil Allegations

Plaintiff has referred to a number of civil causes of action that may have no bearing on her situation. For example, she refers to the Alien Tort Claims Act, 28 U.S.C. § 1350. This only applies to tort claims brought by an alien, and it is unclear whether Plaintiff is an alien entitled to bring an action under this section. Furthermore, she does not adequately identify what United States treaty or aspect of the law of nations has been violated. Plaintiff also refers to a concept of "domestic mixed war." The Court is not aware of such a cause of action. These are merely examples. If Plaintiff wishes to file an amended complaint, she should ensure that her claims have an adequate foundation in the law.

### E. Leave to Amend

If a complaint fails to state a claim, courts generally grant leave to amend unless the pleading could not possibly be cured by the allegation of other facts. See Doe v. United States, 58 F.3d 494, 497 (9th Cir.1995) As a result, the Court will provide

Plaintiff with an opportunity to amend her pleadings.

## II.     Motion to Proceed IFP

Since the Court has dismissed the complaint on its initial screening, the Court declines to grant leave to proceed IFP at this time. The Court denies the motion to proceed IFP without prejudice. If Plaintiff submits an amended complaint, she may submit a new motion at that time.

### Conclusion

The Court dismisses the Complaint for failure to state a claim without prejudice and denies the motion to proceed IFP without prejudice. Plaintiff may submit an amended complaint, consistent with this order, within **45 days** of the date this order is signed. Plaintiff may also submit a new motion to proceed IFP at that time.

IT IS SO ORDERED.

DATED: April 9, 2008

*Marilyn L. Huff*
MARILYN L. HUFF, District Judge
UNITED STATES DISTRICT COURT

COPIES TO:
All parties of record.